### In re CODY'S ESTATE.

### In re BOLEN.

#### (Supreme Court, General Term, Second Department. July 22, 1892.)

1. GIFTS INTER VIVOS—BANK DEPOSITS—EVIDENCE.
   J. drew out money deposited in a savings bank in her own name, and redeposited it in the name of herself "or daughter B.," and the bank issued a bank book in those names, which came to the possession of the daughter B., and remained there until the death of J., on which B. drew out the money and claimed it as her own. *Held* that, there being no evidence of an actual gift or delivery to B. on the part of J., and evidence only of an intent to make a will in favor of B., B. was not entitled to the deposit.

2. SAME—JOINT TENANCY—SURVIVORSHIP.
   In such case B. was not entitled to the deposit as surviving joint tenant with J.

Appeal from surrogate's court, Kings county.

Judicial settlement of the accounts of Bridget Bolen, administratrix of Julia Cody, deceased. From a decree charging the administratrix with a.

deposit in bank claimed by her as a gift from her intestate, she appeals. Affirmed.

The opinion of the surrogate (GEORGE B. ABBOTT) was as follows: "No valid gift or delivery is shown by the evidence. *In re Ward*, 2 Redf. Sur. 251. The theory of survivorship of a joint tenancy is also untenable. *Mulcahey* v. *Bank*, 89 N. Y. 435. From the testimony of Mrs. Lavigne, an intent appears on the part of Julia Cody to make a favorable testamentary disposition towards the Bolens at some subsequent time. Referee's report confirmed. *November* 6, 1891."

Argued before BARNARD, P. J., and DYKMAN and CULLEN, JJ.

*Phillips & Avery*, for appellant. *William J. Carr*, for respondent.

DYKMAN, J. This is an appeal from the decree of the surrogate confirming the report of a referee. The question involved is the right to a deposit of $1,016.50 in the Emigrant Industrial Savings Bank. The deposit originally stood in the name of Julia Cody, the deceased intestate, and in August, 1879, the money was redeposited in the name of Julia Cody or daughter Bridget Bolen, and in February, 1886, the money was drawn out and again redeposited in the name of Julia Cody or daughter Bridget Bolen, and a bank book was issued by the bank in the same names, which came to the possession of the daughter Bridget Bolen, and remained there until the death of her mother, when she drew the amount of money from the bank, and claims the right to retain it. That claim is controverted by her sister, Mary Heany, who disputed the account of the administratrix rendered to the surrogate, which failed to charge herself with that amount. The surrogate referred the matter to a referee, who decided the question against the administratrix, and, his report being confirmed by the surrogate, the administratrix appealed from the decree of confirmation. Our conclusion is in favor of the decree, and the same should be affirmed, with costs payable by the appellant personally. All concur.